Robert J. DONGO et al.

v.

James A. BANKS et al.,

v.

J. I. HOLCOMB.

Supreme Judicial Court of Maine.

March 23, 1979.

Reef & Mooers by Norman S. Reef, Daniel W. Mooers (orally), William B. Jordan, Portland, for plaintiffs.

Robinson, Hunt & Kriger by James M. Bowie (orally), M. Roberts Hunt, Portland, for J. I. Holcomb.

Richardson, Hildreth, Tyler & Troubh by Harrison L. Richardson (orally), Ronald D. Russell, Richard J. Kelly, Portland, for Banks.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

On December 8, 1977, a Cumberland County jury returned a defendant's verdict in the instant products liability litigation. Following the dismissal of the jury, counsel for plaintiff Dongo informed the Court that it had come to his attention that without counsels' knowledge, the jury had been given access to a dictionary.[1] The presiding Justice immediately recalled the jury and over defendant Holcomb's strenuous objection, elicited from the jury foreman the fact that a dictionary had been present in the juryroom and that it had been used to help define the term *"proximate."*[2] Once that information became known, the interrogation ceased. Plaintiffs Dongo and Banks thereupon moved for both a mistrial and a new trial. Holcomb responded by moving for a further investigation into the actual effect the dictionary's use had on the jury's decision.

On December 20, a hearing on the various motions was had before the same Justice who had presided at trial. At that time counsel for all parties concerned were given an adequate opportunity to present their respective arguments. After the hearing, and after reviewing the legal memoranda

1. The record shows that the jury obtained the dictionary with the trial Justice's permission.

2. For a discussion of the legal definition of *"proximate"*, see *Wing v. Morse*, Me., 300 A.2d 491, 495 (1973).

submitted by counsel, the presiding Justice granted the motions for mistrial and a new trial, and denied the motion for further investigation.

Apparently dissatisfied with the Justice's decision, Holcomb filed further motions to interview the jurors for the purpose of preserving their testimony, and to report a question to the Law Court.[3] Both motions were denied without a hearing on March 16, 1978. A subsequent motion to *"reconsider"* was filed on May 4, 1978. That motion was also denied without a hearing. Holcomb thereupon filed a notice of appeal in this Court, claiming that the presiding Justice not only erred in denying the two motions, but also that the failure to hold hearings on the motions denied him his right to the due process of law.

We dismiss the appeal.

At oral argument, Holcomb argued that although the March 16 order was interlocutory in nature, and therefore normally non-appealable, *see* 2 Field, McKusick and Wroth, *Maine Civil Practice,* § 73.1 (1970), the unique character of this case, *i. e.,* the need to preserve the jurors' testimony in light of the possibility of future appeals, rendered it immediately appealable. Even assuming, purely for the sake of argument, that such a position is tenable, Holcomb still cannot prevail.

If, in fact, the March 16 order is appealable, then it is also a *"judgment"* for the purpose of applying our civil rules. *See* Rule 54(a), M.R.Civ.P.[4] Given that fact, we turn to the question of whether there is any method whereby a party can gain *"reconsideration"* of a judgment rendered in the Superior Court. Neither Holcomb nor our own careful review of the rules have provided us with a citation to such a provision. We, therefore, must treat Holcomb's post-judgment motion as one made pursuant to Rule 59(e), M.R.Civ.P., *i. e.,* one made to alter or amend a judgment. *See* 2 Field, McKusick and Wroth, *Maine Civil Practice,* § 59.4A (1970). Rule 59(e), however, requires that all such motions be filed within ten days of the entry of judgment. In the instant case, the order denying the motions to interview the jurors and to report a question to the Law Court was filed on March 16. It was not until May 4, well beyond the ten-day period, that Holcomb filed his motion to *"reconsider."* The presiding Justice should, therefore, have dismissed the motion. Inasmuch as Holcomb's motion should never have been considered by the Superior Court Justice, he has no basis for bringing the present appeal.[5]

In light of our disposition of the appeal, we need not address the appealability of the March 16 order or the substantive issues that might flow from such a decision.

The entry is:

Appeal dismissed.

WERNICK, J., did not sit.

---

3. The parties filed several other motions that are not germane to this appeal.

4. Rule 54(a), M.R.Civ.P., states:
   "Judgment" *as used in these rules includes a decree and any order from which an appeal lies. . . .*

5. Again, assuming for the sake of argument that the March 16 order was immediately appealable, Holcomb failed to file any notice in this Court pursuant to Rule 73(a), M.R.Civ.P., to otherwise preserve the issues he now raises.