Peter A. ANDERSON et al.

v.

N. Laurence WILLEY, Jr., et al.

Supreme Judicial Court of Maine.

Argued June 4, 1986.

Decided Sept. 2, 1986.

Anderson, Merrill, Norton & Relyea, Peter A. Anderson, Lawrence E. Merrill (orally), Arthur J. Keenan, Bangor, for plaintiff.

Ferris, Dearborn & Willey, Richard D. Violette, Jr. (orally), Joel A. Dearborn, Brewer, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ., and VIOLETTE, A.R.J.*

NICHOLS, Justice.

The Plaintiffs, Peter A. Anderson and his law firm, Anderson, Merrill, Norton and Relyea, appeal from the denial of their motion for judgment in the Superior Court (Penobscot County) upon an award and de-

---

* VIOLETTE, A.R.J., sat at oral argument as Associate Justice, but retired prior to the preparation of this opinion. He has joined in the opinion as an Active Retired Justice.

termination of the Fee Arbitration Commission Panel of the Board of Overseers of the Bar.

The Plaintiffs argue that the Superior Court erred in vacating the award and determination of the Commission on the basis that Citizens for Constitutional Apportionment (CCA), the petitioner at the arbitration hearing, lacked standing and was an improper party. The five named Defendants, N. Laurence Willey, Jr., Walter Birt, Richard Kennedy, Alan Baker and Douglas I. Hodgkin, who are members and officers of CCA, argue that the Plaintiffs' appeal was not timely filed, that the Plaintiffs' motion does not identify the Defendants against whom judgment is sought or their relationship to CCA, and that they cannot be held personally liable because the Commission made no finding of personal liability.

We vacate the order of the Superior Court and remand for clarification of the Commission's award and determination.

This proceeding arises as the result of the Plaintiffs' representation of CCA, an unincorporated association, in litigating *In re: 1983 Legislative Apportionment of House, Senate, and Congressional Districts*, 469 A.2d 819 (Me.1983). The named Defendants were members and officers of CCA and as such the Plaintiffs submitted a bill to them. CCA petitioned the Commission contesting the debt and the reasonableness of the fee charged by the Plaintiffs.

At the Commission hearing four of the five named Defendants appeared and testified. The Commission found that CCA's chairman, N. Laurence Willey, Esq., had actual authority to hire the Plaintiffs and that his action was ratified by at least three of the four other association officers.[1] The Commission concluded that the Plaintiffs' charges were fair and reasonable.

The Plaintiffs subsequently filed a motion for judgment in the Superior Court based on the Commission's decision, pursuant to 14 M.R.S.A. §§ 5937 and 5942.[2] That court denied the Plaintiffs' motion and vacated the Commission's decision. The Plaintiffs thereupon filed a motion for reconsideration which was also denied. The Plaintiffs now appeal from the Superior Court's judgment.

## I. *Timely filing of the notice of appeal*

The Defendants initially argue that the Plaintiffs' filing of their appeal from the order of the Superior Court was not timely because their motion for reconsideration did not stay the running of the time for appeal under M.R.Civ.P. 73(a), and that as a result the 30–day time for appeal expired well before the Plaintiffs' notice of appeal was filed.

Our Rules of Civil Procedure do not provide for a motion for reconsideration to the Superior Court, but we may treat such a post-judgment motion as one made to alter or amend a judgment pursuant to Rule 59(e), M.R.Civ.P. *Dongo v. Banks*, 399 A.2d 574, 575 (Me.1979); *see* 2 Field, McKusick and Wroth, *Maine Civil Practice*, § 59.4a (1970). If such a motion is filed within ten days of the entry of judgment as required by that Rule, being the equivalent of a Rule 59(e) motion, it too interrupts the running of the time for appeal under Rule 73(a). As with a motion to alter or amend a judgment, the Plaintiffs' motion for reconsideration provided the Superior Court with an opportunity to correct any alleged errors and thereby promoted judicial economy by possibly precluding the necessity for entering an appeal. Since the Plaintiffs did file their motion for reconsideration within ten days of the entry of the Superior Court order, it tolled the running

---

1. It does not appear that Defendant Baker ratified the hiring of the Plaintiffs or appeared at the arbitration hearing.

2. Maine Bar Rule 9(i) makes awards of the Fee Arbitration Commission Panel enforceable in accordance with the Uniform Arbitration Act, 14 M.R.S.A. § 5927 et seq.

of the time for appeal and their appeal was timely.

## II. *Denial of the motion for judgment*

The Superior Court denied the Plaintiffs' motion for judgment and vacated the decision of the Commission on two bases. The first of these was that the motion for judgment did not state the relationship between the five named defendants and CCA.

Maine Rule of Civil Procedure 10(c) provides in pertinent part:

A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

*See Foshee v. Daoust Const. Co.*, 185 F.2d 23, 25 (7th Cir.1950); *cf. Casco Bank & Trust Co. v. Rush*, 348 A.2d 239 (Me.1975). In paragraph 1 of the Plaintiffs' motion for judgment the Commission's award and determination is referred to and incorporated via an attachment to the motion identified as Exhibit A. The Commission's award and determination lists in paragraph 1 as officers and members of CCA the five individuals named as Defendants in the Plaintiffs' motion for judgment. Because this clearly identifies the relationship between the named Defendants and CCA, the Superior Court erred in vacating the Commission's award and determination and denying the motion for judgment on the basis that this relationship was not established by the pleadings.

The second ground on which the Superior Court denied the Plaintiffs' motion for judgment on the Commission's award and determination was that CCA, an unincorporated association, "had no capacity to appear before the Panel" and "therefore, the Panel's action on the petition below was a nullity." (citations omitted). The record discloses that the Commission asked the parties to the arbitration proceeding to file memoranda addressing the issue of whether CCA had standing to petition. Although the Commission made no specific finding as to CCA's capacity to sue, in issuing the award and determination the Commission implicitly decided CCA did have standing.

In bargaining for an arbitrator's decision, the parties bargain for the arbitrator's interpretation of the law as well. *Bd. of Directors of Maine S.A.D. No. 33 v. Teachers' Assoc. of Maine S.A.D. No. 33*, 395 A.2d 461, 463 (Me.1978). A reviewing court is not empowered to overturn an arbitration award merely because it believes that sound legal principles were not applied. *Id.; Boyte v. Dickson*, 62 N.C.App. 682, 303 S.E.2d 418, 421 (1983); *see Granite State Ins. Co. v. Dundas*, 34 Colo.App. 382, 528 P.2d 961 (1974). Although 14 M.R.S.A. § 5938(1)(C) (1980) provides that a court may vacate an arbitration award where the arbitrators exceeded their powers, for arbitrators to make an error of law is not to exceed their powers. *Id.* Nor was the Superior Court compelled to refuse to grant the motion on the ground that it lacked jurisdiction due to CCA's lack of capacity to sue. An unincorporated association's lack of capacity to sue does not void a judgment since it merely constitutes a procedural irregularity. *Royal Coachman Color Guard v. Marine Trading & Transportation, Inc.*, 398 A.2d 382, 384 n. 3 (Me.1979).

Therefore, we conclude that even if the Commission's implicit holding that CCA had the capacity to sue was erroneous, since it constituted merely a procedural irregularity and because of the limited scope of review of arbitration awards afforded the courts, *see* 14 M.R.S.A. § 5938 (1980), it was error to vacate on those grounds.

## III. *Liability of the members and officers of CCA*

Finally, the parties dispute whether the individual Defendants, as members and officers of CCA, are personally liable to the Plaintiffs for the debts of CCA. The Commission found that N. Laurence Willey, Jr. was authorized by CCA to employ the Plaintiffs. The employment was ratified by Walter Birt, Richard Kennedy and

Douglas I. Hodgkin, who, together with N. Laurence Willey filed the petition for fee arbitration with the ·Commission. Members of an association not legally incorporated are liable on contracts lawfully made by the associated persons. *McKenney v. Bowie,* 94 Me. 397, 47 A. 918 (1900). Accordingly, an action for their legal services could have been maintained by the Plaintiffs against all or any of the members of CCA. *See McGeary v. Chandler,* 58 Me. 537 (1870). In the instant case, however, Willey, Birt, Kennedy and Douglas initiated an arbitration proceeding pursuant to Maine Bar Rule 9 to determine their liability, if any, for the legal services rendered by the Plaintiffs to CCA. Rule 9 requires, *inter alia,* that the petitioners be bound by the decision of the Commission and allows any award rendered to be enforced in accordance with the Uniform Arbitration Act, 14 M.R.S.A. § 5927 *et seq.* The Commission held that $12,741.23 was due the Plaintiffs. That decision is binding upon Defendants Willey, Birt, Kennedy and Hodgkin. Defendant Alan L. Baker, who did not join in the petition before the Commission cannot be bound by its decision.

Accordingly, the entry is:

Judgment vacated.

Remanded for entry of judgment for the Plaintiffs and against the Defendants N. Laurence Willey, Jr., Walter Birt, Richard Kennedy and Douglas I. Hodgkin in the amount of $12,741.23 together with interests and costs.

All concurring.