Albert L. SMALL

v.

D'AMBRA MERCANTILE
ENTERPRISES.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 2, 1990.

Decided Dec. 19, 1990.

Kristine S. Millard, Perkins, Thompson, Hinckley & Keddy, Portland, for plaintiff.

James F. Cloutier, Cloutier, Barrett, Cloutier & Conley, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The defendants, D'Ambra Mercantile Enterprises, Inc., Fred J. Dambrie, II, Joseph P. Pizzo, and Mark Kazazean,[1] contend on this appeal that the Superior Court (Cumberland County, *Fritzsche, J*) erred in denying their motion, pursuant to M.R.Civ.P. 60(b)(3) and (4), to set aside the default judgments entered for the plaintiff, Albert L. Small, on his complaint for the defendants' breach of a settlement agreement between the parties. We affirm the judgments.

The record discloses that, prompted by the defendants' failure to make the payments required by an agreement between the parties dated December 2, 1985, the parties entered into a settlement agreement dated March 29, 1988, providing for the settlement of all claims of the parties arising out of the 1985 agreement. On August 18, 1988, Small filed the instant action against the defendants for their alleged breach of the 1988 settlement agreement. The defendants failed to answer or otherwise plead to Small's complaint. On September 9, 1988, pursuant to M.R.Civ.P. 55(a), the clerk entered a default judgment against each of the defendants in the amount of $46,000 plus costs. After a hearing on Small's motion pursuant to M.R. Civ.P. 54(b) at which the defendants did not appear, on December 1, 1988 the court ordered entry of final judgments against the defendants. On November 2, 1989, the defendants filed a motion to set aside the default judgments. At the hearing on their motion, the defendants argued that they should be relieved from the judgments because of certain misrepresentations made by Small at the time of the 1985 agreement, *see* M.R.Civ.P. 60(b)(3), and that the judgments were void because the sale of

1. B & E Corporation and Wayne Johnson were also named as defendants. B & E Corporation does not challenge the default judgment entered against it. Johnson filed a timely answer to the complaint and that litigation was still pending at the time of the entry of the final judgment against the other defendants on December 1, 1988.

securities provided by the 1985 agreement was in violation of the Maine Revised Securities Act, 32 M.R.S.A. §§ 10101–10710 (1988 & Supp.1990) (Securities Act). *See* M.R.Civ.P. 60(b)(4). The court had before it a letter to Small dated December 11, 1987 on behalf of the defendants detailing the same alleged misrepresentations and the 1985 and 1988 agreements of the parties. The court found that the defendants' motion was not filed within a reasonable time and that the 1985 agreement did not violate the Securities Act. The court denied the defendants' motion, and the defendants appeal.

 We review the denial of a motion for relief from judgment for an abuse of discretion. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.1 at 71 (2d ed. 1970). Rule 60(b) requires that all motions pursuant to that rule be made within a reasonable time after the judgment, order, or proceeding was entered or taken. A motion pursuant to subsection 3, which permits a judgment to be set aside for misrepresentation, *cannot* be brought more than one year after the judgment or proceeding was entered or taken. Although the Rule does not specify that the time constraints are to be measured from the entry of a *final* judgment, by its terms the Rule provides relief from a final judgment. However, a motion "may be untimely because not brought within a 'reasonable time' although brought within the one-year period." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.4 at 73 (2d ed. 1970). Despite the contention of the defendants, the court properly could have found not only that the defendants knew of the claimed misrepresentations as early as December 1987, but that they released any claims based thereon by the 1988 settlement agreement between the parties. On the record before it the court also properly could have found that the benefit of the one-time sale of securities, as reflected in the 1985 agreement of the parties, flowed exclusively to Small and the transaction between the parties did not violate the Securities Act. *See* 32 M.R.S.A. §§ 10501(10), 10502(2)(A) (defining exempt transactions). Accordingly, the court properly denied the defendants' motion to set aside the default judgments.

The entry is:

Judgments affirmed.

All concurring.