**Stanley RICE, et al.**

**v.**

**James J. FLYNN, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 18, 1993.

Decided July 13, 1993.

David L. Brooks, North Berwick, for plaintiff.

Mark A. Kearns, Wells, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Mortgagors James J. Flynn, Timothy J. Flynn Jr., and John F. Flynn appeal from a judgment of the Superior Court (York County, *Brodrick, J.*) on the motion of mortgagees Stanley and Dawn Rice for a deficiency assessment pursuant to 14 M.R.S.A. § 6324 (Supp.1992). Although we modify the court's calculation of the deficiency, we affirm the judgment in all other respects.

The Superior Court ordered foreclosure and sale of the mortgaged property on January 31, 1992. At the public sale, the Rices, who were the only bidders, purchased the property for $18,000. Following the foreclosure sale, they filed a report of sale pursuant to 14 M.R.S.A. § 6324 (Supp.1992). The Flynns then filed a motion in opposition to the Rices' report of sale on the basis that the report did not provide an independent appraisal establishing the fair market value of the property. In response, the Rices filed a separate motion for assessment of deficiency accompanied by an independent appraisal of the property estimating its market value at $27,500 and its liquidation value at $17,875. The court, using the appraisal's liquidation value of $17,875, subsequently issued an

order assessing a deficiency judgment in the amount of $49,112.42.

Title 14, M.R.S.A. section 6324 (Supp. 1992)[1] requires the mortgagee to file a report of sale with the court and provides that "the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report." The Flynns argue that section 6324 requires a hearing to determine the fair market value of the property whenever "the mortgagor ... contest[s] the accounting." On the record now before us, we need not decide that question.[2]

■ The Flynns' primary objection to the report of sale was that it failed to provide an independent appraisal of fair market value.[3] The basis for that objection was removed when the Rices supplied an independent appraisal estimating the fair market value at $27,500. The Flynns did not contest that estimate and, on appeal, they make no suggestion that they disagree with the estimate. In the absence of any contest to the mortgagees' accounting and in the absence of any apparent disagreement between the parties as to the fair market value of the mortgaged property, we are unwilling to hold that a hearing was required.

■ We agree with the Flynns, however, that the court acted contrary to section 6324 when it used the property's liquidation value rather than its market value to calculate the deficiency. Section 6324 requires that "in the event the mortgagee has been the purchaser at the public sale, any deficiency shall be limited to the difference between *the fair market value* of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court ..." (emphasis added). The court should have calculated the deficiency using the appraised market value of $27,500 and not the liquidation value of $17,875. The deficiency, properly assessed, is $39,487.42.

The entry is:

Judgment modified to reflect a deficiency of $39,487.42 and, as so modified, affirmed.

The parties shall bear their own costs.

All concurring.

1. 14 M.R.S.A. § 6324 reads in its entirety as follows:

   After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at his last known address. This report need not be accepted or approved by the court, provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such challenge shall be for money only and shall not affect the title to the real estate purchased by the highest bidder at the public sale. Any deficiency shall be assessed against the mortgagor and an execution shall be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency shall be limited to the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale. Any surplus shall be paid to the mortgagor, his successors, heirs or assigns in the proceeding. If the mortgagor has not appeared personally or by an attorney, the surplus shall be paid to the clerk of courts, who shall hold the surplus in escrow for 6 months for the benefit of the mortgagor, his successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes abandoned under the Unclaimed Property Act, and report and pay it to the State in accordance with that Act.

2. After a mortgagee files the report of sale and the disbursement of the proceeds and the mortgagor contests the accounting, the issue is joined. Thereafter, section 6324 would seem to contemplate some form of a hearing.

3. The Flynns also objected to the Rices' claim for $250 for the cost of an appraisal and to their failure to provide a breakdown of their claim for $2,094.25 for attorney fees. The Rices responded to these objections and the Flynns have not pursued them on appeal.