**KEY BANK OF MAINE**

v.

**Paul WALTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1995.
Decided March 20, 1996.

John P. McVeigh, Preti, Flaherty, Beliveau & Pachios, Portland, for Plaintiff.

Francis M. Jackson, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and LIPEZ, JJ.

LIPEZ, Justice.

In this consolidated appeal, Paul Walton appeals from two judgments entered in the Superior Court (Cumberland County, Saufley, J.). First, Walton appeals from the judgment establishing the deficiency owed by him. Second, Walton appeals from the judgment denying his request for relief pursuant to M.R.Civ.P. 60(b) from a foreclosure judgment obtained by Key Bank of Maine. We affirm both judgments.

In 1992, Key Bank commenced an action pursuant to 14 M.R.S.A. §§ 6321–25 (Supp. 1995) to foreclose a mortgage granted to it by Paul Walton on condominiums owned by him. Walton's attorney in California, where Walton lived at the commencement of the foreclosure, accepted service of process for Walton, who did not oppose the foreclosure complaint. The property was sold at a public sale on June 12, 1993 pursuant to the court's order. On November 15, 1993 the bank filed with the court its report of sale, as required by section 6324.

Walton then filed a motion in opposition to the bank's report of sale, raising a multitude of objections to the bank's accounting. The parties agreed to proceed with the use of written submissions and chambers conferences in lieu of an evidentiary hearing on Walton's objections to the report of sale.[1] After reviewing the submissions, the court entered a judgment establishing the deficiency and ordering immediate execution or the posting of a bond in the amount of $18,000 by Walton as a condition of non-execution.

On the same day that Walton filed his notice of appeal from the judgment establishing the deficiency, he filed a motion seeking relief from the judgment of foreclosure pursuant to M.R.Civ.P. 60(b). Walton claimed that the judgment of foreclosure was void because the court lacked personal jurisdiction over him as a result of insufficient service of process. After a hearing, the court denied Walton's motion for relief from judgment and Walton filed a separate notice of

---

1. Establishing a procedure for the determination of a deficiency in cases when the debtor challenges the report of sale has been left largely to the court. Neither the statute authorizing such challenges, see 14 M.R.S.A. § 6324 (Supp.1995), nor this Court, see Rice v. Flynn, 628 A.2d 139, 140 (Me.1993) (while section 6324 "would seem to contemplate some form of hearing" no such hearing was required in the present case) has provided much guidance on how such challenges should be conducted. The technique used by the court in this case is instructive. Each party submitted detailed memoranda, supported by exhibits and affidavits in support of their positions. The parties then participated in chambers conferences concerning specific items objected to by Walton. Finally, after carefully reviewing the written submissions and the representations of counsel during the chambers conferences, the trial judge issued a comprehensive order that addressed each of Walton's contentions.

appeal.[2] Subsequently, Walton's appeal of the denial of his Rule 60(b) motion and his appeal from the deficiency judgment were consolidated for consideration by us.

### Rule 60(b) Motion

█ We review a trial court's denial of a Rule 60(b) motion for an abuse of discretion. *Scott v. Lipman & Katz, P.A.*, 648 A.2d 969, 972 (Me.1994). Walton contends that it was error for the court to find that his actions in contesting the bank's report of sale had resulted in a waiver of his claim that the court lacked personal jurisdiction over him to order the entry of a foreclosure judgment. Walton argues that the foreclosure action was a separate and distinct proceeding from the report of sale proceeding, in which he participated fully, and that his failure to raise a defense in his challenge to the report of sale does not operate as a waiver of that defense in the foreclosure action. We disagree.

█ The judicial mortgage foreclosure procedure set forth in sections 6321–25 establishes a unified civil action for foreclosing the mortgagor's equity of redemption and collecting from the mortgagor any deficiency. While the prosecution of a foreclosure suit begins with a complaint for the issuance of a judgment of foreclosure and sale, 14 M.R.S.A. §§ 6321–22, the action culminates with the report of the sale to the court and an order for the assessment of any deficiency or the distribution of any surplus. 14 M.R.S.A. § 6324. In this case, Walton did not allege a lack of personal jurisdiction based on a defective service of process when he submitted a motion contesting the accounting of the sale pursuant to section 6324.[3] Additionally, Walton appeared before the court and participated fully in the proceedings to determine the propriety of the bank's accounting of the sale. Having availed himself of the protections and benefits of the court's judicial process, and having participated in a part of the statutory foreclosure action without raising the issue of personal jurisdiction, Walton failed to preserve any claim of lack of personal jurisdiction and the court did not abuse its discretion in denying Walton's motion for relief from judgment. *See State v. Leonard,* 470 A.2d 1262, 1266 (Me.1984) (defendant waived defense of lack of personal jurisdiction by taking active part in litigation). *Cf. Foley v. Adam,* 638 A.2d 718, 720 (Me.1994) (failure of complaint to state a claim is a defense that cannot be raised after trial and thus is not a ground for relief from judgment).

### Assessment of the Deficiency

█ Relying on 14 M.R.S.A. § 6323, Walton contends that the foreclosure statute limits the bank to recovering only those expenses it incurred before the date of the actual foreclosure sale. Section 6323(1) provides in pertinent part:

> Any rights of the mortgagee to a deficiency claim against the mortgagors *are limited to the amount established as of the date of the public sale.* The date of the public sale is the date on which bids are received to establish the sales price, no matter when the sale is completed by delivery of the deed to the highest bidder.

(Emphasis added). Based on this section, Walton argues that the bank's payment of a municipal tax debt incurred by Walton prior to the date of public sale, but paid by the

---

2. The court should not have acted on the Rule 60(b) motion absent a remand or suspension of the rules by the Law Court. M.R.Civ.P. 73(f); *Erickson v. State,* 444 A.2d 345, 347–48 (Me. 1982). Because neither party objected to the procedural irregularity, we address that appeal in the interest of judicial economy.

3. Pursuant to Maine's Long Arm Statute, Walton subjected himself to the personal jurisdiction of the Superior Court as a property owner in the State of Maine. 14 M.R.S.A. § 704–A (2)(C) (1980) (persons owning real estate subject to jurisdiction of courts); 14 M.R.S.A. § 6108 (1980) (on proper service court has jurisdiction over all persons made defendants in the foreclosure). Therefore, Walton's claim of lack of personal jurisdiction had to be premised on an insufficiency in the service of process or the insufficiency of process. Defenses based on insufficiency of process, or insufficiency of service of process, are deemed waived if not raised in a motion or included in a responsive pleading. M.R.Civ.P. 12(g), (h). *See also,* Field, McKusick and Wroth, *Maine Civil Practice* § 12.18 (2d ed.1970) (failure to raise a defense when a motion is made amounts to waiver of that defense).

bank after the date of public sale, should be disallowed.[4] We disagree.

The bank had promised to obtain the discharge of the tax liens as a condition of the sale, and the mortgage granted by Walton to the bank made Walton liable for any amounts so paid by the bank. The fact that the bank paid these amounts subsequent to the public sale does not alter the fact that they are part of the deficiency claim "established as of the date of the public sale." *See* 14 M.R.S.A. § 6323.

Walton raises additional contentions about the expenses and amounts allowed by the court in calculating the deficiency judgment, and the court's requirement that Walton post a bond pursuant to M.R.Civ.P. 62(c) to pursue this appeal. These contentions have no merit.

The entry is:

Judgments affirmed.

All concurring.

---

4. As of the date of the public sale, municipal real estate taxes for Walton's condominiums were owed in the amount of $8,309.33. The notice of public foreclosure sale stated that the property would be subject to *inter alia* "any unpaid municipal real estate taxes." At the auction, however, the bank recognized that the outstanding municipal real estate taxes on the property were chilling the bidding. To stimulate bidding, the bank authorized the auctioneer to announce that the bank would bear the responsibility of discharging these liens.