**UNITED STATES of America, Plaintiff,**

v.

**Daniel Wade ASSAD, Defendant.**

Civ. No. 3:96CV00677.

United States District Court,
M.D. North Carolina,
Rockingham Division.

April 15, 1998.

---

Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, for Plaintiff.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

This action is before the court on Defendant Daniel Wade Assad's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons the court will deny Defendant's motion.

## BACKGROUND

Defendant was admitted to the Fayetteville V.A. Medical Center ("Medical Center") on August 15, 1994, and was later discharged on August 17, 1994. Defendant was treated under presumed veteran entitlement status. When the Medical Center later determined that Defendant was not eligible for treatment by the Department of Veterans Affairs, he was billed for the medical services he received.

Defendant's private insurer, Pioneer Life Insurance ("Pioneer Life"), paid $18.60 of Defendant's bill, leaving a balance due of $1,635.40. The Medical Center contacted Defendant about his outstanding balance on May 2, 1996, but he failed to respond.

On August 13, 1996, Plaintiff, the United States of America, filed a complaint against Defendant seeking to recover the unpaid principal amount of $1,635.40 plus interest, administrative and penalty charges, and costs for charges incurred by Defendant for his treatment at the Medical Center from August 15 through August 17, 1994. Defendant was served on August 20, 1996. However, Defendant did not answer or otherwise respond to the complaint and, on November 7, 1996, Plaintiff requested entry of default against Defendant. Entry of default was made by the Clerk on November 8, 1996. On December 6, 1996, default judgment was entered. Over eleven months later, on November 27, 1997, Defendant filed the present motion for relief from judgment. Defendant bases his request for relief on the grounds of mistake or excusable neglect, that the judgment is void, or for any other reason justifying relief.

## DISCUSSION

In order to obtain relief from a judgment pursuant to Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one of the six grounds for relief set forth in Rule 60(b). *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir.1987). Because Defendant has failed to show that this motion was brought within a reasonable time and has failed to show that he has a meritorious defense, the court will deny Defendant's motion.

First, Defendant has failed to show that the motion was brought within a reasonable time. Rule 60(b) requires that motions for relief from judgment must be brought within a reasonable time and further requires that motions pursuant to subsections (1) through (3) must be made no later than one year from the date of entry of judgment.[1] While Defendant did bring this motion within one year of the entry of judgment, he is still required to make a showing of timeliness. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir.1991). Here, Defendant offers no explanation as to why it took over eleven months to file the present motion. While Defendant did not obtain counsel until after the default judgment was entered, the record reflects that he has been represented by counsel since at least March of 1997. (*See* Def.'s Mot. ¶ 6 & Ex. B thereto). In the absence of an adequate explanation for such a lengthy delay, the court finds the motion was not brought within a reasonable time. *See McLawhorn*, 924 F.2d at 538 (affirming denial of a Rule 60(b) motion brought three and one-half months after the filing of a summary judgment order where no valid reason was given for the delay); *Central Operating Co. v. Utility Workers of Am., AFL–CIO*, 491 F.2d 245 (4th Cir.1974) (affirming denial of Rule 60(b) motion filed four months after entry of default judgment because the defendant failed to provide a satisfactory explanation for the delay); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Co.*, 383 F.2d 249 (4th Cir. 1967) (affirming denial of Rule 60(b) relief where a motion was filed two and one-half months after entry of default judgment because the defendant provided no satisfactory explanation for delay).

In addition to being untimely, Defendant's Rule 60(b) motion also fails to establish that he has a meritorious defense to the action. While a moving party is not required to establish a meritorious defense by a preponderance of the evidence, *see Central Operating*, 491 F.2d at 253 n. 8, it must nevertheless make a proffer of evidence which would permit a finding in its favor. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." *Id.*

Defendant alleges that the bill for medical treatment has been paid by the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"). He offers as evidence the "Explanation of Benefits" he received from Pioneer Life which states that CHAMPUS paid $1,635.40. (Def.'s Mot. ¶ 6 and Ex. A). However, as the United States notes, this explanation of benefits is not a record of receipt from the Medical Center or a record of CHAMPUS payment. Indeed, the Medical Center records reveal that the only payment ever received in connection with Defendant's treatment was the $18.60 payment by Pioneer Life. (Pl.'s Ex. A, ¶¶ 3 & 7, and Ex. B). Moreover, CHAMPUS does not have any record of a claim being filed for Defendant's treatment, and Defendant has produced no evidence that he filed such a claim. (Pl.'s Ex. A, Encl. 2). This is especially significant because CHAMPUS regulations place the burden of filing a claim on the beneficiary. *See* 32 C.F.R. § 199.7(a)(3). At most, the explanation of benefits indicates

---

1. The one-year limit on motions brought under subsections (1) through (3) represents an extreme limit, and a motion will be rejected as untimely if not made within a reasonable time even though the one-year period has not expired. *See* 11 Charles A. Wright, *et al., Federal Practice and Procedure* § 2866 (2d ed.1995).

what Pioneer Life believed or expected CHAMPUS would pay if Defendant had a valid CHAMPUS claim which was properly filed and processed. Accordingly, the court will deny Defendant's motion for relief from judgment.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion for relief from judgment [Doc. # 12] will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant Daniel Wade Assad's motion [Doc. # 12] for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure be, and the same hereby is, **DENIED.**

---

**2.** The court notes that it has also reviewed the substantive grounds for relief alleged by Defendant and has concluded that none of them have merit. For example, Defendant's argument that the judgment is void is based entirely on his argument that CHAMPUS has paid the bill for medical services. The court has already concluded that Defendant has not made a sufficient proffer of evidence to permit a finding that CHAMPUS has paid the bill. However, even if Defendant had made a sufficient proffer, that would establish only that Defendant has a meritorious defense, not that the judgment is void.

See *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 241 (4th Cir.1980). A judgment is void only if the court that rendered it lacked jurisdiction over the subject matter or over the parties or if it acted in a manner inconsistent with due process of law. *See* 11 Charles A. Wright *et al., Federal Practice & Procedure* § 2862 (2d ed.1995). This court has jurisdiction over the subject matter and over the parties and the actions of this court have been consistent with the demands of due process. Thus, the judgment in this case is not void.