STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                CIVIL ACTION
                                              DOCKET NO. CV-97-104

                                              NM-Cum - 5/16/2000

MAINE SHIPYARD &
MARINE RAILWAY,

        Plaintiff

            v.                                ORDER ON DEFENDANTS'
DANIEL G. LILLEY and                          MOTION FOR RELIEF
ANNETTE P. LILLEY,
TRUSTEES OF THE LILLEY
TRUST,

        Defendants


Pursuant to M.R. Civ. P. 60(b)(3), the defendants/counterclaim plaintiffs (defendants) seek relief from the judgment entered in the Superior Court. The defendants allege fraud by counterclaim defendant George Drivas. The plaintiff/counterclaim defendants (plaintiff) move to dismiss the motion for relief from judgment.

The Superior Court judgment was entered on 4/5/99. The defendants appealed the judgment on 4/10/99. The Law Court determined that the record on appeal was complete on 8/30/99. Briefing was completed by 11/25/99. Oral argument was held on 1/5/00. The judgment of the Superior Court was affirmed by the Law Court in its decision dated 1/21/00. This motion for relief was filed on 3/31/00.

The information on which the defendants rely was first conveyed to defendant Daniel Lilley by Jonathan White in September, 1999, prior to any action

1

on the appeal except for the preparation of the record.   See White Affidavit, ¶ 11. Mr. White's affidavit is dated 2/17/00.  The defendants attribute the delay of six months in acting on this information to Mr. White's being absent from the state and Mr. Drivas's consideration of the issue. See Lilley Affidavit, ¶¶ 2, 5; see also Perkins letters attached to Defendants/Counterclaim Plaintiffs' Objection to Motion to Dismiss.   Mr. White resides and works in Massachusetts.  See White Affidavit,¶ 1.

A motion for relief from judgment filed pursuant to Rule 60(b)(3) must be made "within a reasonable time" and not more than one year after the judgment was entered.  M.R. Civ. P. 60(b)(3).  The filing of an appeal in the Law Court does not preclude a remand for hearing a Rule 60(b) motion in the Superior Court.  See Key Bank of Maine v. Walton, 673 A.2d 701, 703 n.2 (Me. 1996); Erickson v. State, 444 A.2d 345, 348 (Me. 1982); M.R. Civ. P. 73 (a) & (f).  The motion was filed more than two months after the date of the Law Court's decision.

This motion was filed six months after Mr. Lilley spoke to Mr. White.  The plaintiff/counterclaim defendants proceeded through the entire appeal process in the Law Court. The fact that Mr. White lives in Massachusetts does not satisfactorily explain the delay.  Based on the circumstances of this case, filing this motion six months after the basis of the motion was learned and after the appeal and settlement attempts proved unsuccessful does not constitute filing within a reasonable time. See Small v. D'Ambra Mercantile Enterprises, 583 A.2d 1031, 1032 (Me. 1990); see also United States v. Assad, 179 F.R.D. 170, 172 (M.D.N.C. 1998)

(absent adequate explanation for lengthy delay, motion determined not brought within reasonable time); <u>Larson v. Larson</u>, 894 P.2d 809, 814-15 (Kan. 1995) (reasonable time depends on facts of each case and includes when movant came into possession of facts justifying relief compared to when motion filed, whether parties were prejudiced by delay, and whether good cause was shown for failing to take action sooner).

The entry is

The Defendants/Counterclaim Plaintiffs' Motion for Relief from Judgment is DENIED.

The Plaintiff/Counterclaim Defendants' Motion to Dismiss the Motion for Relief from Judgment is GRANTED.

Date: May 16, 2000

Nancy Mills
Justice, Superior Court

3

Date Filed __06-19-97__ __CUMBERLAND__ Docket No. __RE-97-104__

County

Action __MECHANIC'S LEIN__

MAINE SHIPYARD AND MARINE RAILWAY

DONALD L. GARBRECHT

LAW LIBRARY

MAY 24 2000

vs.

DANIEL G. LILLEY (TRUSTEE OF THE LILLEY TRUST)

ANNETTE P. LILLEY (TRUSTEE OF THE LILLEY TRUST

GEORGE DRIVAS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WILLIAM KANY ESQ<br>PO BOX 1179<br>SACO ME 04072<br><br>CARL TOURIGNY ESQ 282-5983<br>409 ALFRED ST<br>BIDDEFORD ME 04005 | DAVID PERKINS ESQ (LILLEYS)<br>PO BOX 449<br>PORTLAND ME 04112 871-7159<br><br>S JAMES LEVIS ESQ (DRIVAS)<br>409 ALFRED STREET (3rd party Def.)<br>BIDDEFORD ME 04005<br>282-5983 |

| Date of Entry | Thomas E. Clinton, Esq. (Ct.Cl.Def) LAURENCE MINOTT ESQ (Counterclaim Def.<br>One Washington Mall, ste 1400 768A Roosevelt Trail, ME. Ship. G.D.<br>Boston MA 02108 617 723-9165 Windham ME 04062 892-2112 |
|---|---|
| **1997**<br>June 24 | Received 06-19-97:<br>All paperwork received from the 9th District Court, Division of Cumberland (District Court Docket No. RE-97-071) |
| June 24 | Received 06-20-97:<br>Defendants, Lilleys' Notification of Discovery Service filed.<br>Defendants' Interrogatories Propounded Upon Plaintiff and Defendants' Request for Production of Documents served on James Levis, Esq. on 06-18-97. |
| July 7 | Received 7-3-97.<br>Order for Failure to File Pretrial Scheduling Statement filed.<br>( Calkins, J. )<br>It is ordered this case be dismissed with prejudice unless the Pretrial Scheduling Statement is filed within 15 days. Sanctions in the amount of $75.00 are imposed against plaintiff's counsel. This amount is to be paid to the clerk's office forthwith.<br>7-7-97 copy mailed to William Kany, David Perkins and S. James Levis, Esqs. |
| July 09 | Received 07/09/97:<br>$300. Jury Fee paid.<br>$75. Sanction Fee paid. |
| July 10<br>"    " | Received 07/10/97:<br>Counterclaim Plaintiff's Motion to Amend with Exhibit A filed.<br>Request for Hearing filed. |
| July 11 | Received 07/11/97:<br>Case File Notice and Pretrial Scheduling Statement and Jury Demand filed. |
| July 16 | Received 07/16/97:<br>Letter from David Perkins requesting Jury trial filed. |