STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-079

Estate of Phyllis A. Cobb
by Kathryn A. Bettis, Special Administrator
& Kathryn A. Bettis,

Plaintiffs

v.

ORDER

F. Mark Potter &
Carolyn W. Potter,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JUN 4 2003

Before this court is the Plaintiffs' Motion for Default Judgment against

Trustee American Express Financial Advisors, Inc. (AEFA).

The Maine Rules of Civil Procedure state that "[a] trustee shall serve that

trustee's disclosure under oath within 20 days after the service of the trustee

summons upon that trustee, unless the court otherwise directs." M.R.Civ.P.

4B(e). The penalty for not complying with the abovementioned rule is stringent.[1]

Statutory law provides that "[w]hen a person summoned as trustee neglects to

appear and answer to the action, he shall be defaulted and adjudged trustee as

alleged." 14 M.R.S.A. § 2614 (2003); see also Butler v. D/Wave Seafood, 2002 ME

---

[1] Historically speaking, the law of attachment on trustee process was even more stringent in that such process could be sought before the commencement of a suit. See generally Haddow, The Evolution of the Maine Law of Attachment on Ordinary and Trustee Process, 7 (No. 2) Me. B. J. 86 (1992).

41, ¶ 18, 791 A.2d 928 (holding that a bank, which failed to file a timely answer to a Summons to Trustee, did not have a reasonable excuse for its default). Hence, if American Express Financial Advisors, Inc. (AEFA) failed to answer the Summons to Trustee within 20 days and failed to demonstrate good cause or excusable neglect as functionally defined by M.R.Civ.P. 55(c) or M.R.Civ.P. 60(b), then AEFA would be defaulted and adjudged trustee in the amount alleged in the Summons to Trustee, $179,846.00.

The facts show that on November 6, 2002, the Plaintiffs prepared a Summons to Trustee, naming as trustee "American Express Financial", which was served by hand two days later at the Bridgton, Maine office of AEFA. In addition, the facts show that AEFA did not answer this Summons to Trustee within 20 days. The facts also show that on November 26, 2002 the Plaintiffs sent another Summons to Trustee, again failing to correctly name AEFA as trustee, which AEFA answered within 20 days.

· Essentially, the Plaintiffs argue that naming the trustee as "American Express Financial" in the Summons to Trustee is the equivalent of naming "American Express Financial Advisors, Inc." as the trustee. The Plaintiffs point out that the actions of AEFA and an affiliate arguably amounted to an acceptance of the service of process. Nevertheless, "American Express Financial" is not the same corporate entity as "American Express Financial Advisors, Inc.," in fact, it is nonexistent. Moreover, in a jurisdiction such as Maine where time limits are strictly enforced, as a matter of fairness properly naming the trustee in a Summons to Trustee should also be strictly enforced. See, e.g., Bourke v. City of South Portland, 2002 ME 155, ¶4, ___A.2d___ (holding that a party must strictly comply with the time limits set forth in the appellate rules so that the Law Court

2

will entertain an appeal). In other words, both parties need to follow the rules by being accurate and timely. In the present case, because the Summons to Trustee was not "directed to the trustee," but was rather directed to a nonexistent entity, AEFA had no legal obligation to respond to the Summons to Trustee. M.R.Civ.P. 4B(b). As a result, this court does not have personal jurisdiction over AEFA. <u>See</u> <u>Warren v. Waterville Urban Renewal Auth.</u>, 290 A.2d 362, 365 (Me. 1972).[2]

WHEREFORE, for reasons stated above, this court shall **DENY** the Plaintiffs' Motion.

Dated: April_28_, 2003

Roland A. Cole
Justice, Superior Court

---

[2] The Plaintiffs cite <u>Key Bank of Maine v. Walton</u>, 673 A.2d 701, 703 n. 3 (Me. 1996) for the proposition that "[d]efenses based on insufficiency of process, or insufficiency of service of process, are deemed waived if not raised in a motion or included in a responsive pleading." <u>Id.</u> However, the <u>Walton</u> case was based on a mortgagor/mortgagee relationship and in the present case there was no relationship between the Plaintiffs and the nonexistent entity named as trustee in a Summons to Trustee. <u>Id.</u>

JOHN CIRALDO ESQ
PO BOX 426
PORTLAND ME 04112


PETER CLIFFORD ESQ
56 PORTLAND ROAD
KENNEBUNK ME 04043


ROBERT HARK ESQ
PO BOX 9711
PORTLAND ME 04112