1997 ME 202

**ESTATE OF James A. THORNE.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1997.
Decided Oct. 7, 1997.

Bernard J. Kubetz, Thad B. Zmistowski (orally), Eaton, Peabody, Bradford & Veague, P.A., Bangor, for appellants.

Edward W. Gould (orally), F. Todd Lowell, Gross, Minsky, Mogul & Singal, P.A., Bangor, for Ronald Buchanan. Scot W. Gardner (orally), Gardner, Gardner & Murphy, Saco, for Lisa Thorne and Ronald Rogerson.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] The personal representative of the estate of Russell K. Crouse (Crouse Estate) and Community Health and Counseling Services (CHCS) appeal from the judgment entered in the Penobscot County Probate Court (*Woodcock, J.*) denying their joint motion for intervention and for reconsideration of the order determining the heirs of James A. Thorne. The Crouse Estate and CHCS contend that: (1) they are entitled to intervene, pursuant to M.R. Prob. P. 24, in the probate proceeding to determine James's heirs, or alternatively, they are entitled to participate in the proceedings as "interested person[s]" as defined in 18–A M.R.S.A. § 1–201(20) (1981); and (2) the Probate Court erred in denying their motion to reconsider the court's determination of James's heirs. We affirm the judgment of the Probate Court.

## I.

[¶ 2] On June 7, 1995, James A. Thorne, a minor child, died in an automobile accident intestate, unmarried, and without issue. James was a passenger in a car driven by a CHCS employee, Russell K. Crouse, who was also killed in the accident. James is survived by his biological parents, Ronald Rodgerson and Lisa Thorne, by his brother Ronald Buchanan, and by his half sister Candace Polchies.[1] Ronald Rodgerson's and Lisa Thorne's parental rights as to James were terminated by order of the Maine District Court on December 9, 1991.

[¶ 3] On October 12, 1995, Ronald Rodgerson, James's natural father and the personal representative of the Estate of James Thorne, brought an action in the Superior Court against the Crouse Estate and CHCS pursuant to the wrongful death statute, 18–A M.R.S.A. § 2–804 (1981 & Supp.1996). On July 25, 1996, Scott Buchanan, adoptive father of James's brother, Ronald Buchanan, filed a Petition for Complete Settlement of Estate in the Penobscot County Probate Court, asking the Probate Court for an order determining the heirs of James A. Thorne.

[¶ 4] On September 12, 1996, the Crouse Estate and CHCS moved the Superior Court for partial summary judgment in the wrongful death action. In this motion, the Crouse Estate and CHCS argued that James's biological parents, Ronald Rodgerson and Lisa Thorne, were the legal "heirs" of the estate and thus the only parties on whose behalf a wrongful death action could be brought pursuant to 18–A M.R.S.A. § 2–804(b) (1981 & Supp.1996).[2]

[¶ 5] By amended order dated October 17, 1996, the Probate Court determined that the order terminating the parental rights of James's natural parents acted to sever any inheritance rights they had in James's estate. The Probate Court found that, for the purposes of intestate succession, James died

---

1. The appellees in this action are Ronald Buchanan and the personal representative of the Thorne Estate.

2. When an action for wrongful death is brought, and the decedent leaves no spouse or issue, the amount recovered in the action is divided amongst the deceased's heirs, as determined by our intestacy laws. 18–A M.R.S.A. § 2–804 (1981 & Supp.1996). Pursuant to our intestacy laws, when one dies without a spouse or issue, the decedent's parents receive the intestate estate. 18–A M.R.S.A. § 2–103 (1981). If there are no legal parents, the decedent's siblings receive the estate. *Id.*

without surviving parents. Thus, pursuant to our intestacy statute, 18–A M.R.S.A. § 2–102(3) (1981 & Supp.1996), the Probate Court found James's immediate heirs to be Ronald Buchanan and Candace Polchies, his siblings. The Thorne Estate subsequently filed a motion in the Superior Court opposing the Crouse Estate and CHCS's motion for partial summary judgment, arguing that the Probate Court's determination of heirs should control on whose behalf the wrongful death action could be brought.[3]

[¶ 6] On October 24, 1996, the Crouse Estate and CHCS filed a motion with the Probate Court seeking intervenor status in the probate proceedings and reconsideration of the Probate Court's determination of James's heirs. By order dated January 17, 1997, the Probate Court denied the motion. This appeal followed.

## II.

[¶ 7] Actions in the Probate Court are divided into civil proceedings and probate proceedings. Civil proceedings are defined as "all proceedings within the concurrent jurisdiction of the Probate Courts." M.R. Prob. P. 2(b). Probate proceedings are defined as "all proceedings within the exclusive jurisdiction of the Probate Courts." M.R. Prob. P. 2(a). Rule 24 of the Maine Rules of Probate Procedure provides that Rule 24 of the Maine Rules of Civil Procedure governs a party seeking to intervene in *civil proceedings.* Our first inquiry thus must be whether the determination of heirs is a probate or a civil proceeding. If the determination of heirs falls within the exclusive jurisdiction of the Probate Court, it is a probate proceeding. Participation would thus be limited to "interested person[s]" as defined by the Probate Code and would not turn on the satisfaction

of the elements necessary for intervention pursuant to M.R. Civ. P. 24.

[¶ 8] By statute, the Probate Court has "exclusive jurisdiction of informal and formal proceedings to determine how decedents' estates ... are to be administered, expended and distributed." 18–A M.R.S.A. § 3–105 (1981). Such proceedings falling within the Probate Court's exclusive jurisdiction include those concerning "subject matter relating to ... estates of decedents, including ... *determination of heirs ...*." *Plimpton v. Gerrard,* 668 A.2d 882, 887–88 (Me.1995) (citing 18–A M.R.S.A. § 1–302 (1981)) (emphasis added). Because the determination of heirs falls within the exclusive jurisdiction of the Probate Court and is thus a probate proceeding pursuant to M.R. Prob. P. 2, Rule 24 of the Maine Rules of Civil Procedure is inapplicable to such proceedings.

## III.

[¶ 9] The Crouse Estate and CHCS fare no better in seeking to participate in the probate proceedings as "interested person[s]." Participation in a formal probate settlement of an estate is limited to "interested person[s]." 18–A M.R.S.A. § 3–1001 (1981).[4] "Interested person" is defined as

heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent, ward or protected person which may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons ... The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular

3. Although raised by the Crouse Estate and CHCS on appeal, we do not reach the question whether the Probate Court erred in holding that the termination of parental rights also severs the inheritance rights of a parent in his or her child.

4. 18–A M.R.S.A. § 3–1001 provides in relevant part:
A personal representative or any interested person may petition for an order of complete settlement of the estate ... After notice to all interest-

ed persons and hearing the court may enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate, and, as circumstances require, approving settlement and directing or approving distribution of the estate *and discharging the personal representative from further claim or demand of any interested person.* 18–A M.R.S.A. § 3–1001 (1981) (emphasis added).

purposes of, and matter involved in, any proceeding.

18–A M.R.S.A. § 1–201(20) (1981).

[¶ 10] The statutory definition of "interested person" does not purport to provide an exhaustive list of recognized interests. It does, however, limit participation in probate proceedings to persons having an interest in the estate at issue. The last sentence of the statutory provision does not broaden the definitional reach of "interested person". Rather it allows the court to determine the sufficiency of a party's interest relative to the particular probate proceeding. It is thus possible that one may be an "interested person" for the purpose of one particular probate proceeding but not another. *See Estate of Davis,* 219 Cal.App.3d 663, 268 Cal.Rptr. 384, 388 (1990). An interested person, however, will always possess an interest in the estate itself.

[¶ 11] The determination of James Thorne's heirs will affect on whose behalf the wrongful death action may be brought and consequently may affect the determination of damages in that action. The sole interest of the Crouse Estate and CHCS in the determination of James Thorne's heirs is the minimization of the extent of their potential liability in the wrongful death action. They attempt to serve this interest by advocating the heirship rights of the heirs most likely to recover the least amount of damages in the wrongful death action. Their interest is not a "property right in or claim against" James Thorne's estate. The Crouse Estate and CHCS fall outside the scope of section 1–201 and lack standing as "interested parties" to participate in the determination of James's heirs.

## IV.

[¶ 12] The Crouse Estate and CHCS also attempt to challenge the Probate Court's determination of heirs by moving the court for reconsideration of its order determining James's heirs. Although the Maine Rules of Civil Procedure do not specifically provide for a "Motion for Reconsideration" to the Probate Court, we have previously held that such motions should be treated as motions made to alter or to amend a judgment pursuant to M.R. Civ. P. 59(e).[5] *Scott v. Lipman & Katz, P.A.,* 648 A.2d 969, 972 (Me.1994); *Anderson v. Willey,* 514 A.2d 807, 809 (Me. 1986); *Dongo v. Banks,* 399 A.2d 574, 575 (Me.1979).

[¶ 13] Standing to move the court pursuant to Rule 59(e) is limited, however, to formal parties to the action. M.R. Civ. P. 59(a) [6]; *see Most,* 477 A.2d at 258 ("A *party* moving the court for Rule 59(e) relief must do so within ten days of entry of judgment.") (emphasis added). Having been denied intervenor status, neither the Crouse Estate nor CHCS are parties to the Probate Court action. Consequently, they lack standing to move the Probate Court for reconsideration of its order determining heirs of the Thorne Estate.

The entry is:

Judgment affirmed.

---

**5.** Rule 59 of Maine Rules of Probate Procedure provides, "Rule 59 of the Maine Rules of Civil Procedure governs procedure in all formal probate and civil proceedings in the Probate Courts." M.R. Prob. P. 59.

**6.** RULE 59. NEW TRIALS: AMENDMENT OF JUDGMENTS

(a) Grounds. The justice or judge before whom an action has been tried may on motion grant a new trial to all or any of the *parties* and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or·in suits in equity in the courts of this state. M.R. Civ. P. 59 (emphasis added).