RECEIVED & FILED

JUL 31 2003

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE
ANDROSCOGGIN, SS.

THOMAS M. MANGAN
Petitioner

v.

MAINE DISTRICT COURT
Respondent

SUPREME JUDICIAL COURT
CIVIL ACTION
DOCKET NO. CV-03-108
RWC- AND- 7/31/2003

ORDER ON PETITIONER'S
APPLICATION FOR
WRIT OF MANDAMUS

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2003

Plaintiff, Thomas M. Mangan, formerly practiced law. In Lewiston District Court, Mangan sued Anthony Crowley, a former client in Mangan's practice of law, to enforce a contract that arose out of legal fees. Docket No. Lew-CV-02-143. The District Court (*McElwee, J.*) dismissed the action on statute of limitation grounds. *See* 14 M.R.S.A. § 752 (2003). Mangan appealed to the Law Court. The Law Court vacated the dismissal, concluding that the contract was an installment contract, and that a separate cause of action exists for each payment as it becomes due and payable, and remanded the case to the District Court. *Mangan v. Crowley*, Mem. 02-146 (Me. Nov. 19, 2002).

On remand, Crowley sought to have the matter referred to fee arbitration pursuant to Bar Rule 9, and moved to stay the contract action in the District Court pending the fee arbitration. Mangan opposed the stay. The court (*McElwee, J.*) granted the stay, effective until the fee arbitration is completed.

Mangan then filed the petition in this Court seeking the issuance of a writ of mandamus, to require the District Court to vacate the stay and to proceed on the contract action, or, in the alternative, to order Judge McElwee to recuse.

A writ of mandamus is not issued against a judicial officer except in very limited circumstances. *See Portland Sand & Gravel v. Town of Gray*, 663 A.2d 41, 43 (Me. 1995); *see also Dep't of Corrections v. Superior Court*, 622 A.2d 1131 (Me. 1993).

This Court is unpersuaded by Mangan's contentions that the District Court is compelled to deal with his claim against Crowley to the exclusion of fee arbitration, and that the law is clear that the case is *not* subject to fee arbitration.

Arbitration of fee disputes is favored in the law. *Harrington v. Lord*, 1997 ME 202, ¶ 7, 704 A.2d 1211, 1214. The contract that Mangan seeks to enforce arose out of and is based on fees charged by Mangan for legal services. M. Bar R. 9(e)(5)(D) provides:

> If there is then pending before a court or agency of this State an action instituted by either petitioner or respondent involving the disputed fees, then such action shall, upon motion of the petitioner, be stayed until such dispute is resolved pursuant to this rule; and the award hereunder shall be determinative of the action so stayed.

Crowley had raised the issue of fee arbitration prior to the dismissal of the contract case by the District Court, and the Law Court's memorandum of decision

vacating that dismissal did not address fee arbitration. Accordingly, the issue of fee arbitration remains for resolution.

Mangan may raise the issue of the jurisdiction of the Fee Arbitration Commission before the Commission, and if Mangan is not satisfied with the results of fee arbitration, he is free to challenge in court thereafter, the results, as well as the jurisdiction of the Fee Arbitration Commission. *See* 14 M.R.S.A. § 5927-5949 (2003).

For the foregoing reasons, the petition for a writ of mandamus is denied.

The entry is:

Petition denied.

Dated: July 31, 2003

Robert W. Clifford
Associate Justice
Supreme Judicial Court

Thomas M Mangan
Pro Se

Paulston AAG
Respondent

3