### 2006 ME 61

### Estate of Amy B. HEWITT.

Supreme Judicial Court of Maine.

Submitted On Briefs: March 22, 2006.

Decided: May 24, 2006.

---

Robert E. Mittel, Esq., Mittel Asen, LLC, Portland, for appellant.

Edward M. Tumavicus, Portland, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Edwin Hewitt appeals from a summary judgment entered in the Cumberland County Probate Court (*Mazziotti, J.*) denying his petition for the appointment of a special administrator and overruling his objection to the closing of the estate. Edwin Hewitt contends that the court erred when it granted the motion for summary judgment because the motion did not comply with the requirements of M.R. Civ. P. 56(h).[1] In the alternative, Edwin Hewitt contends that appointment of a special administrator is warranted pursuant to 18–A M.R.S. § 3–614(2) (2005). We affirm the judgment.

[¶ 2] Amy Hewitt died unexpectedly on October 6, 2003, less than eighteen hours after completing a marathon, and was survived by her husband, Edward Tumavicus, and two young daughters. The chief medical examiner for the State of Maine performed an autopsy and a histology study, and concluded that the manner of death was natural and the cause of death was a heart condition described as mitral valve prolapse. Amy Hewitt left a will, naming Tumavicus as both the primary beneficiary and personal representative of her estate, and Tumavicus was appointed the personal representative of the estate.

[¶ 3] Subsequently, Edwin Hewitt, Amy Hewitt's father, petitioned the court to appoint him special administrator of the estate pursuant to 18–A M.R.S. § 3–614(2), and objected to the closing of the estate. Edwin Hewitt desires access to Amy Hewitt's medical records, and, among other arguments, contends that additional medical investigation should be made into the cause of her death.

[¶ 4] Title 18–A M.R.S. § 3–614(2) provides, in pertinent part:

> A special administrator may be appointed:
>
> . . . .
>
> (2) In a formal proceeding by order of the court on the petition of any *interested person* and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act.

(Emphasis added.) "Interested person" is defined in the Probate Code to include:

> [H]eirs, devisees, children, spouses, domestic partners, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent, ward or protected person that may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. . . . The meaning as it relates to particular persons may vary from time to time and must be determined according to the

---

1. This argument is not persuasive and does not merit discussion. Similarly, because the conflict of interest argument, raised for the first time on appeal, is not persuasive, we will not separately address that argument.

particular purposes of, and matter involved in, any proceeding.

18–A M.R.S. § 1–201(20) (2005).

[¶ 5] In the present case, Amy Hewitt left a will that named her husband as the primary beneficiary and personal representative of her estate. Moreover, the will named alternative devisees and an alternate personal representative. It is significant that Edwin Hewitt was not included in the will as an alternate devisee or personal representative. The remote possibility that Edwin Hewitt could have been appointed personal representative under a significantly different factual scenario does not mean that he has an interest in the estate. *See Estate of Thorne,* 1997 ME 202, ¶ 10, 704 A.2d 315, 318; *see also* 18–A M.R.S. § 3–203(a) (2005). Accordingly, Edwin Hewitt is not an interested person as defined by section 1–201(20) and, therefore, cannot petition the court for the appointment of a special administrator pursuant to section 3–614(2).

The entry is:

Judgment affirmed.