MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:      2016 ME 90
Docket:        Cum-15-296
Submitted
 On Briefs:    April 21, 2016
Decided:       June 9, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and <u>HUMPHREY</u>, JJ.

ESTATE OF JEANNE S. REED


HUMPHREY, J.

[¶1]  George P. Reed IV and his brother, Lawrence Reed, appeal from an order of the Cumberland County Probate Court (*Mazziotti, J.*) dismissing without prejudice their petition for partition of the real property of their deceased mother, Jeanne S. Reed.  The court determined sua sponte that it did not have subject matter jurisdiction to consider the petition because there was no open probate proceeding for the mother's estate.  We agree and affirm the judgment.

## I. BACKGROUND

[¶2]  George and Lawrence Reed's mother, Jeanne S. Reed, died on July 26, 1997.  On August 29, 2013, George filed a petition for formal probate of his mother's will in the Cumberland County Probate Court.  After a hearing, the court (*Mazziotti, J.*) denied the petition as time barred.  *See* 18-A M.R.S. § 3-108(a) (2015) (stating that formal testacy or appointment proceedings must be

2

commenced within three years after the decedent's death).  No appeal was taken from this decision.

[¶3]  On April 30, 2014, George and Lawrence filed a petition for special findings requesting that the court determine their mother's heirs.[1]  *See Estate of Thorne*, 1997 ME 202, ¶ 8, 704 A.2d 315 (stating that the determination of heirs "falls within the exclusive jurisdiction of the Probate Court and is thus a probate proceeding pursuant to M.R. Prob. P. 2"); 18-A M.R.S. § 1-302 (2015).  On August 20, 2014, following a hearing, the court issued an order making findings as to Jeanne's heirs and each heir's percentage share in the estate.

[¶4]  On November 5, 2014, George and Lawrence filed a petition for the partition of real property located in the town of Gray, the only remaining asset of their mother's estate.  Because fewer than all of the heirs agreed that the property should be partitioned, the brothers stated that there was "no convenient way to divide the real estate or partition without prejudice to the owners" and requested that the court direct the sale of the property.

[¶5]  Following a hearing, the court issued an order dated May 20, 2015, in which it raised sua sponte the question of whether it had subject matter jurisdiction to hear the petition.  The court concluded that, because (1) its authority to partition

---

[1]  Pursuant to 18-A M.R.S. § 3-108 (2015), the three-year statute of limitations does "not apply to proceedings to construe probated wills or determine heirs of an intestate."

real estate is conferred by 4 M.R.S. § 252 (2015) and 18-A M.R.S. § 3-911 (2015), (2) both statutes require that there be an open probate proceeding, and (3) a probate estate proceeding is barred in this case by the statute of limitations, it did not have subject matter jurisdiction and dismissed the petition without prejudice. George and Lawrence timely appealed to us.

## II. DISCUSSION

[¶6] A Probate Court's subject matter jurisdiction and statutory interpretation are questions of law that we review de novo. *See In re Hiller*, 2014 ME 2, ¶ 19, 86 A.3d 9; *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 12, 60 A.3d 1241. "The Probate Court is a statutory court of limited jurisdiction and its actions are void unless taken pursuant to statutory authority." *Marin v. Marin*, 2002 ME 88, ¶ 9, 797 A.2d 1265 (quotation marks omitted). In our review of the Probate Code, we "first look to the plain meaning of the statute, interpreting its language to avoid absurd, illogical, or inconsistent results." *Carrier*, 2012 ME 142, ¶ 12, 60 A.3d 1241 (quotation marks omitted). If there is ambiguity, we look beyond the statutory language to determine the legislature's intent, including the legislative history and the whole statutory scheme for which the section at issue forms a part. *Id.* ¶ 12; *Hallissey v. Sch. Admin. Dist. No. 77*, 2000 ME 143, ¶ 14, 755 A.2d 1068.

[¶7] A Probate Court has exclusive jurisdiction over "probate proceedings." M.R. Prob. P. 2(a). Probate proceedings include "informal and formal proceedings

to determine how decedents' estates subject to the laws of this State are to be administered, expended and distributed."[2]  18-A M.R.S. § 3-105 (2015).  In some circumstances, a Probate Court has the authority to partition property.  *See* 18-A M.R.S. § 3-911; 4 M.R.S. § 252; *Estate of Hunt*, 2010 ME 23, ¶¶ 3, 10-11, 990 A.2d 544 (holding that the Probate Court had jurisdiction to partition property when the decedent's will, submitted for informal probate, devised individual parcels that failed to conform to local zoning requirements).  The Probate Court's jurisdiction to partition property is concurrent with the Superior Court and the District Court, which also have jurisdiction over civil actions seeking the partition of property.  *See* 14 M.R.S. § 6502 (2015); 4 M.R.S. §§ 105(1), 152(5)(O)(2-A) (2015); *Murphy v. Daley*, 582 A.2d 1212, 1213 (Me. 1990) (per curiam).

[¶8]  We have not previously considered whether the Probate Court's concurrent jurisdiction to partition property extends to situations when a probate proceeding cannot be initiated in the Probate Court and the property that the parties seek to partition was owned by a decedent at the decedent's death.

[¶9]  A Probate Court's authority to partition property is derived from two statutory provisions.  Article 3 of the Probate Code, entitled "Probate of Wills and

---

[2]  A Probate Court may also have concurrent jurisdiction over certain types of civil proceedings. M.R. Prob. P. 2(b); 18-A M.R.S. § 3-105 (2015); *see, e.g.*, *Estate of Jennings v. Cumming*, 2013 ME 103, ¶¶ 11-15, 82 A.3d 132; *Estate of Hodgkins*, 2002 ME 154, ¶ 14, 807 A.2d 626; *Plimpton v. Gerrard*, 668 A.2d 882, 887 (Me. 1995).

Administration," explicitly permits the Probate Court to partition property, but only "*prior to the formal or informal closing of the estate. . . .*" 18-A M.R.S. § 3-911 (emphasis added). As the court in this case correctly observed, because section 3-911 "contemplates that a civil partition action in the Probate Court be commenced in conjunction with a probate estate proceeding, the statute does not provide the Court with subject matter jurisdiction outside of the context of such a probate proceeding."

[¶10] The Probate Court also has authority to partition property in its jurisdiction "in equity . . . of all cases and matters relating to the *administration of the estates of deceased persons . . . .*" 4 M.R.S. § 252 (emphasis added);[3] *see Estate of Hunt*, 2010 ME 23, ¶ 11, 990 A.2d 544 (stating that the Probate Court had authority to partition property pursuant to both section 3-911 and 4 M.R.S. § 252 because the partition request is related "to the administration of the estates of deceased persons"). The term "administration of the estates" is not defined in the Probate Code; however, section 3-103, entitled "Necessity of appointment for administration," provides that "to acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person must be appointed by

---

[3] The full text of 4 M.R.S. § 252 (2015) is as follows:

The courts of probate shall have jurisdiction in equity, concurrent with the Superior Court, of all cases and matters relating to the administration of the estates of deceased persons, to wills and to trusts which are created by will or other written instrument. Such jurisdiction may be exercised upon complaint according to the usual course of proceedings in civil actions in which equitable relief is sought.

order of the judge or registers, qualify and be issued letters. *Administration of an estate is commenced by the issuance of letters*."[4] (Emphasis added.) In this case, there has been no issuance of letters, and no personal representative[5] or other fiduciary has been, or can be, appointed to manage or distribute Jeanne's estate because a probate proceeding can no longer be opened due to the expiration of the statute of limitations. *See* 18-A M.R.S. § 3-108(a).

[¶11] Here, the Probate Court recognized the jurisdictional constraint on its authority to consider the petition for partition and articulated it succinctly in its Order denying the petition:

> [I]t is evident that the Probate Court's authority to preside over a partition action is derived from commencement of a probate proceeding and administration of an estate that includes real property which becomes the subject of a partition action. Outside of such a probate proceeding, there is no subject matter jurisdiction over a partition action in the Probate Court.

[¶12] We conclude that the Probate Court was correct when it determined that it did not have subject matter jurisdiction, and we affirm its dismissal of the petition for partition without prejudice. Any petition for partition will have to be presented to the Superior Court or the District Court for adjudication.

---

[4] "'Letters' includes letters testamentary, letters of guardianship, letters of administration, and letters of conservatorship." 18-A M.R.S. § 1-201(23) (2015).

[5] "'Personal representative' includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." 18-A M.R.S. § 1-201(30) (2015).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Robert C. Andrews, Esq., Portland, for appellants George P. Reed IV and Lawrence Reed

No appellee's brief filed

Cumberland County Probate Court docket number 2013-1094
FOR CLERK REFERENCE ONLY